IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
MAY 1 0 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:08CR263

JAMES EDWARD PRINCE

## MEMORANDUM OPINION

James Edward Prince, by counsel, filed this 28 U.S.C. § 2255 Motion seeking relief based upon <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The Government has responded and agrees with Prince that his § 2255 Motion should be granted and that Prince should be resentenced. (ECF No. 50.) Prince has replied, agreeing that the Court should schedule a resentencing hearing as soon as possible. (ECF No. 51.) For the reasons that follow, the § 2255 Motion (ECF Nos. 35, 36)[1] will be granted.

The Court found Prince guilty of possession of a firearm and ammunition by a convicted felon. (J. 1, ECF No. 24.) As noted by the Supreme Court,

> Federal law forbids certain people-such as convicted felons, persons committed to mental institutions, and drug users-to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. §924(a)(2). But if the violator has

---

[1] Counsel filed a § 2255 Motion on Prince's behalf on June 26, 2016. (ECF No. 35.) A day later, the Court received a <u>pro se</u> § 2255 Motion from Prince. (ECF No. 36.) Both assert that Prince is entitled to relief based upon <u>Johnson</u>.

> three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

Johnson, 135 S. Ct. at 2555 (citations omitted). At sentencing, it was determined that Prince had at least three prior convictions that qualified as violent felonies. (Pre-Sentence Investigation Report ("PSR") ¶ 41.) Specifically, Prince was previously convicted of seven charges of statutory burglary in the City of Petersburg, Virginia. (Id. ¶¶ 25, 28.)

The Armed Career Criminal Act ("ACCA") defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, 135 S. Ct. at 2556. In Johnson, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. Id. at 2557.

The Government states that:

> Seven of [Prince's prior] convictions were for [Virginia] statutory burglary. At the time of sentencing on February 13, 2009, those burglary convictions constituted "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Accordingly, defendant received an enhanced sentence

2

of 180 months. Without that designation, the statutory maximum for his current offense would have been 120 months.

In Castendet-Lewis v. Sessions, __ F.3d __, 2017 WL 1476649 (4th Cir. Apr. 25, 2017), the Fourth Circuit revised the approach to statutory burglary under the ACCA. After previously treating Virginia burglary as a divisible offense, with a divisible portion falling within generic burglary, see, e.g., United States v. Foster, 662 F.3d 291 (4th Cir. 2011), reh'g denied, 674 F.3d 391 (4th Cir. 2012), the Fourth Circuit held in Castendet-Lewis that Virginia statutory burglary under Va. Code § 18.2-91 is not divisible. The Fourth Circuit's opinion in Castendet-Lewis concluded that Foster "does not survive the Supreme Court's decision in" Mathis v. United States, 136 S. Ct. 2243 (2016). Castendet-Lewis, 2017 WL 1476649 at *7.

. . . .

In United States v. Winston, 850 F.3d 677 (4th Cir. 2017), the Fourth Circuit held that a defendant did satisfy the statute of limitations and the limitation on successive § 2255s by filing within one year of the Supreme Court's opinion invalidating the Armed Career Criminal Act's residual clause in Johnson v. United States, 135 S. Ct. 2551 (2015), because the defendant's prior conviction may have been classified as a violent felony under the residual clause.

The district court in Winston concluded that a defendant could obtain relief for a successive § 2255 (and have a timely § 2255) within one year of Johnson because it was unclear in Winston whether the residual clause was used. Thus, the district court concluded that "courts have held that—when unclear on which ACCA clause the sentencing judge rested a predicate conviction—the petitioner's burden is to show only that the sentencing judge may have used the residual clause." United States v. Winston, __ F. Supp. 3d __, 2016 WL 49440211, *6 (W.D. Va. Sept. 16, 2016). The Fourth Circuit affirmed that ruling.

. . . .

In many cases, the record will make clear that a defendant's prior burglary conviction was classified as a violent felony under the ACCA's enumerated offense of burglary. In that situation, a defendant whose conviction has been final for more than a year could not obtain relief under Mathis or Castendet-Lewis. But as long as Winston remains binding in the Fourth Circuit, the statute of limitations could be

satisfied if the residual clause may have been used. At present, the United States cannot establish that the defendant's prior convictions were classified as violent felonies under the enumerated offense of burglary. Thus, under Winston, the defendant can satisfy the statute of limitations, and under Castendet-Lewis, he is entitled to a resentencing. This Court should therefore schedule a resentencing in this case.

(Gov't's Supp. Resp. 1-6, ECF No. 50 (footnote omitted).)

In light of the foregoing circumstances, Prince's § 2255 Motion (ECF Nos. 35, 36) will be granted. The Government's Motion to Hold in Abeyance (ECF No. 40) and Prince's Motion for an Expedited Ruling (ECF No. 47) will be denied as moot. The matter will be set for a prompt resentencing. The Government will be directed to obtain from the Bureau of Prisons documentation of the amount of Prince's good time credit that has vested as of the date of this Order and that will vest as of the date of resentencing.

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

It is so ORDERED.

_____ /s/ _____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 10, 2017

4